UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNIFER BAILEY and
DOROTHEA BOYCE,
    Plaintiff,
-vs.-                                    **DEMAND FOR JURY TRIAL**

ACCOUNTS RECEIVABLE MANAGEMENT, INC.
a New Jersey corporation,
    Defendant.
_____

# COMPLAINT & JURY DEMAND

Plaintiffs, through counsel, Nitzkin and Associates, by Gary Nitzkin state the following claims for relief:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

## PARTIES

3. The Defendant to this lawsuit is Accounts Receivable Management, Inc. which is a New Jersey company that maintains registered offices in Oakland County.

1

## VENUE

4. The transactions and occurrences which give rise to this action occurred in Kent County.

5. Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiffs to Chase and American Education Services in regards to student loans.

7. Plaintiff, Jennifer Bailey is the granddaughter of Dorothea Boyce. Dorothea Boyce co-signed on these student loans that Jennifer Bailey obtained.

8. Defendant first started calling Ms. Bailey regarding these alleged debts about a year ago.

9. On or about March 23, 2012, Defendant called Ms. Bailey 7 times on her cellular phone.

10. Defendant is calling Ms. Bailey from 866-932-6770.

11. On or about March 23, 2012, at 2:21 p.m. Defendant called Ms. Bailey on her cellular phone while she was working. Ms. Bailey spoke with Defendant's representative, Francis. During this conversation, Ms. Bailey told Defendant that she could only talk with them after 6:00 p.m.

12. Defendant continued to place a phone call on Ms. Bailey's cellular phone this day at 5:52 p.m.

13. Sometime in April 2012, Defendant, through its representative, Kiana Fisbee, called Mrs. Boyce and told her that they can take her house if she does not pay this alleged debt.

14. On or about April 8, 2012, the Plaintiffs sent Defendant a cease and desist letter. This was delivered to them on April 11, 2012 at 9:07 a.m.

15. On or about April 20, 2012, Defendant called Ms. Bailey two times.

16. On or about April 21, 2012, Defendant called Ms. Bailey one time.

17. On or about April 23, 2012, Defendant called Ms. Bailey four times.

18. On or about April 24, 2012, Defendant called Ms. Bailey on her cellular phone 5 times. Some of these calls were placed before 6:00 p.m., contrary to Plaintiff's request and at a time that the Defendant knew to be inconvenient for her to talk.

19. On or about April 25, 2012, Defendant called Ms. Bailey on her cellular phone 3 times. Some of these calls were placed before 6:00 p.m., contrary to Plaintiff's request.

20. On or about April 26, 2012, Defendant called Ms. Bailey on her cellular phone 4 times. Some of these calls were placed before 6:00 p.m., contrary to Plaintiff's request.

21. On or about April 27, 2012, Defendant called Ms. Bailey on her cellular phone 6 times. Some of these calls were placed before 6:00 p.m., contrary to Plaintiff's request.

22. On or about April 28, 2012, Defendant called Plaintiff 2 times.

23. On or about April 29, 2012, Defendant called Plaintiff 2 times.

24. On or about May 1, 2012, Defendant called Plaintiff one time.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff reincorporates the preceding allegations by reference.

26. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

27. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

28. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

29. Defendant's foregoing acts in attempting to collect this alleged debt violated 15 U.S.C. §1692 et. seq;

30. The Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

31. Plaintiff incorporates the preceding allegations by reference.

32. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

33. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

34. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §339.915

35. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

36. These violations of the Michigan Occupational Code were willful.

## COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

37. Plaintiff incorporates the preceding allegations by reference.

38. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

39. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

40. Defendant's foregoing acts in attempting to collect this alleged debt violated MCL §445.252

41. Plaintiff has suffered damages as a result of these violations of the MCPA.

42. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant him the following relief against the defendant:

a. Actual damages.
b. Statutory damages.
c. Treble damages.
d. Statutory costs and attorney fees.

Respectfully submitted,

|  |  |
|---|---|
| August 31, 2012 | /s/ Gary Nitzkin<br>GARY D. NITZKIN  P41155<br>TRAVIS SHACKELFORD P68710<br>MICHIGAN CONSUMER CREDIT LAWYERS<br>Attorneys for Plaintiff<br>22142 West Nine Mile Road<br>Southfield, MI 48033<br>(248) 353-2882<br>Fax (248) 353-4840<br>Email – gary@micreditlawyer.com |